IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEE ROY SMITH                                                                                          PLAINTIFF

        v.                         Civil No. 4:22-cv-04019

BRANDON KENNEMORE, Reserve Deputy;
JON BUTLER, Deputy; GREG HARPER, Task
Force; and BOBBY WALRAVEN, Sheriff                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickory, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff Lee Roy Smith filed this case *pro se* pursuant to 42 U.S.C. § 1983 on February 25, 2022. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). Plaintiff is currently incarcerated in the Nevada County Detention Center serving a sentence as a of result of judgment or conviction. *Id.* at p. 2. The events in question occurred in Little River County during a search of Plaintiff's home, his subsequent arrest, and sentencing for his conviction.

Plaintiff was convicted by a jury on January 31, 2022, under Ark. Code. Ann. § 5-64-402 (b) (2) and (3) for Violation 1 - maintaining a drug premises in a drug free zone, and Violation 2 -

possession with purpose to deliver methamphetamine, cocaine and heroin. He was sentenced to 480 months and 720 months respectively.[1]

Plaintiff names the following individuals as Defendants in the instant lawsuit: Brandon Kennemore and Jon Butler – described by Plaintiff as Little River County Deputies; Greg Harper – described by Plaintiff as "Deputy, task force"; and Bobby Walraven – the Sheriff of Little River County. (ECF No. 1). He is suing Defendants in their individual and official capacities and is seeking compensatory and punitive damages. *Id.* at p. 6.

Plaintiff alleges on May 14, 2021, Defendants "illegal search and seizure, no body cams, and excessive time sentencing." (ECF No. 1, p. 4). He goes on to state:

> Little River county Sherriff's Dept. broke my door down on a illegal search & seizure. When they came in my home none of the officers involved had on body cams & planted drugs in my residence. The officers involved were Brandon Kennemore, Jon butler, and Greg Harper & I'm not certain which officer put the drugs in my residence because of lack of body cam footage.
>
> I'm going through a lot of mental anguish due to excessive time sentencing of a 100 years in ADC due to the incident.

(ECF No. 1, pp. 4-5).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it

---

[1] The criminal docket for Plaintiff's case 41 CR-21-72 is publicly available at https://caseinfo.arcourts.gov/cconnect. The Court accessed the website on March 3, 2022.

does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff's claims against all Defendants are barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Here, Plaintiff's claims against Defendants are based on the investigation, arrest, and sentencing of a crime for which Plaintiff was charged and convicted. Plaintiff has not alleged his conviction has been favorable terminated. His requests for monetary damages are therefore barred by *Heck*. Plaintiff may not use the civil rights statutes as a substitute for direct appeal or for *habeas corpus* relief. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity

of their conviction or confinement). Accordingly, I recommend Plaintiff's claims against Defendants be dismissed.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, a dismissal of this case may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus if the case is dismissed, the **Clerk** be directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 16th day of March 2022.**

/s/ *Barry A. Bryant*
      HON. BARRY A. BRYANT
      UNITED STATES MAGISTRATE JUDGE